ANTHONY E. GOLDSMITH (SBN 125621)
LAW OFFICES OF ANTHONY E. GOLDSMITH
20501 Ventura Boulevard, Suite 272
Woodland Hills, CA 91364
Telephone: 213-471-2096
Facsimile: 213-596-8906
Attorneys for Plaintiff
RUTHEE GOLDKORN

PAUL L. REIN (SBN 43053)
CELIA MCGUINNESS (SBN 159420)
CATHERINE M. CABALO (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com
Attorneys for Plaintiff
ROOSEVELT JOHNSON

R. LAWRENCE BRAGG (SBN 119194)
VITALE & LOWE
3249 Quality Drive, Suite 200
Rancho Cordova, CA 95670-6098
Telephone: 916-851-3750
Facsimile: 916-851-3770
Attorneys for Defendants
PD HOTEL ASSOCIATES, LLC
dba THE RADISSON HOTEL SACRAMENTO
and DOW PRE II, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTHEE GOLDKORN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PD HOTEL ASSOCIATES, LLC, a California limited liability company dba RADISSON HOTEL SACRAMENTO; | Case No. 2:09-cv-01834-JAM-DAD<br>Related Case No. 2:10-cv-1407 JAM-DAD<br><br>**CONSENT DECREE AND ORDER**<br><br>Judge: Honorable John A. Mendez |



PDF created with pdfFactory trial version www.pdffactory.com

DOW PRE II, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,

Defendants.

---

ROOSEVELT JOHNSON,

Related Plaintiff,

vs.

PD HOTEL ASSOCIATES, LLC, a California limited liability company dba RADISSON HOTEL SACRAMENTO; DOW PRE II, LLC, a Delaware limited liability company; and DOES 1-10, INCLUSIVE,

Related Defendants.

---

TO THE COURT, ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:

1. Plaintiff RUTHEE GOLDKORN filed this action (known as Case No. 2:09-cv-01834-JAM-DAD) against Defendants seeking money damages and injunctive relief for, inter alia, violations of the Americans with Disabilities Act of 1990 (the "ADA"), corresponding state law claims as well as common law claims in the United States District Court for the Eastern District of California on July 2, 2009 and later amended through the filing of a First Amended Complaint on December 14, 2009. Defendants P.D. HOTEL ASSOCIATES, LLC dba THE RADISSON HOTEL SACRAMENTO and DOW PRE II, LLC ("Defendants") filed their Answer to the First Amended Complaint on December 18, 2009.

2. Plaintiff ROOSEVELT JOHNSON filed a related action (known as Case No. 2:10-cv-1407 JAM-DAD) against Defendants seeking money damages and injunctive relief for, inter alia, violations of the Americans with Disabilities Act of 1990 (the "ADA"), corresponding state law claims as well as common law claims in the United States District



PDF created with pdfFactory trial version www.pdffactory.com

Court for the Eastern District of California on June 8, 2010. Defendants P.D. HOTEL ASSOCIATES, LLC dba THE RADISSON HOTEL SACRAMENTO and DOW PRE II, LLC ("Defendants") filed their Answer to the Complaint on September 14, 2010. As used herein, the term “Plaintiffs” shall refer to both RUTHEE GOLDKORN and ROOSEVELT JOHNSON. The words “Actions” or “Cases” shall refer to both Case No. 2:09-cv-01834-JAM-DAD and Related Case No. 2:10-cv-1407 JAM-DAD.

3. The Actions were related on September 23, 2010 pursuant to the Court’s Related Case Order.

4. Defendants and Plaintiffs (collectively sometimes referred to herein as the “Parties” or separately as a “Party”) wish to settle the portion of the cases relating to issues of injunctive relief and hereby desire to enter into this Consent Decree. Defendants admit and agree that the work to be completed pursuant to Paragraph 10 of this Consent Decree is and was (at all relevant times as set forth in the complaint) “readily achievable” as that term is defined and used in the Americans with Disabilities Act of 1990. However, the Parties do not intend that this Consent Decree should in any way be used to serve as an admission that other work at the Property not specifically addressed in this Consent Decree is “readily achievable” or otherwise required by the ADA or other federal or state laws or regulations. The Parties hereby enter into this Consent Decree and Order for the purpose of resolving certain specified aspects of the lawsuit without the need for protracted litigation, and without the admission of any liability as to: (a) the availability or amount of damages or (b) the amount of attorneys’ fees to which Plaintiffs may be entitled to.

**JURISDICTION:**

5. The Parties agree that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq. and pursuant to supplemental jurisdiction under 28 U.S.C. §1367(a) for alleged violations of Title 24 California Code of Regulations; California Health & Safety Code §19955 et seq. and California Civil Code §§54 and 54.1.4. The parties presently do not anticipate the need to notice any motions prior to the close of law and motion; and



PDF created with pdfFactory trial version www.pdffactory.com

6. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to entry of this Order to resolve all claims regarding injunctive relief raised in the above-entitled Actions. Accordingly, the Parties agree to the entry of the proposed Order related to this Consent Decree without trial or further adjudication of the issues addressed herein.

**NO DISMISSAL OF ACTION REQUESTED:**

7. As noted herein, monetary issues are still at issue and accordingly the Parties do not request that the Honorable Court dismiss the action as these issues may still proceed to trial.

**WHEREFORE**, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

8. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants and any other parties for injunctive relief that have arisen out of the acts and/or omissions alleged, or which could have been alleged, in the subject Complaint.

9. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines (Appendix A to 28 CFR Part 36), unless other standards are specifically agreed to in this Consent Decree and Order.

10. Remedial Measures: The corrective work agreed upon by the Parties is attached here to as Exhibit "A". Defendants agree to undertake all of the remedial work set forth therein.

11. Timing of Injunctive Relief: Exhibit "A" also includes the estimated timeframe for completing the work described therein. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief within the timeframes specified, Defendants or their counsel will notify each of Plaintiffs'



PDF created with pdfFactory trial version www.pdffactory.com

counsel in writing within fifteen (15) days of discovering any such difficulties. Defendants, or their counsel, will promptly notify each of Plaintiffs' counsel when the corrective work is complete, and in any case, will provide a status report on or before July 1, 2011.

12. If Plaintiffs contend any or some portion of the corrective construction work to be completed under Consent Decree has not been carried out correctly, Plaintiffs will, collectively, provide written notice to Defendants via their counsel detailing in what respects Plaintiff contends the Facility is non-compliant. Within fourteen (14) calendar days of receiving this notice, Defendants will respond to said notice. If the Parties are unable to agree upon a course of action, they will hold a meet and confer within thirty (30) calendar days of Plaintiff's written notice and will use their best efforts to resolve the dispute informally. If the Parties are still unable to agree, they will submit the matter to the judge then-assigned to the case.

**ISSUES RELATED TO DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS REMAIN UNRESOLVED:**

13. The Parties have not reached an agreement regarding either of the Plaintiffs' claims for damages, attorneys' fees, litigation expenses and costs in each of the Actions (collectively, the "Unresolved Issues"). These Unresolved Issues shall be the subject of further negotiation, settlement, litigation, and/or motions to the Court. Should the Parties later reach an agreement regarding the Unresolved Issues; the terms of that agreement will be set forth in a separate settlement agreement. Nothing set forth herein shall be deemed to in any way limit or effect a waiver of either of Plaintiffs' past, present or future rights and/or remedies to recover damages, attorneys' fees, litigation expenses or costs in connection with each of their alleged losses, costs, damages, claims and causes of action as set forth in each of the operative Complaints or otherwise.

**ENTIRE CONSENT ORDER:**

14. This Consent Decree and Order and Exhibit "A" to the Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing Parties on all matters of injunctive relief, and no other



PDF created with pdfFactory trial version www.pdffactory.com

statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief specifically described herein.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

15. This Consent Decree and Order shall be binding on Plaintiffs and Defendants and any of Defendants' successors in interest, heirs and assigns, or any them, and each of their respective successors in interest, heirs and assigns or any of them. The Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order and each party hereby represents and warrants that they shall inform each of their successors and assigns, including any person or entity acquiring an interest in the Property or the business operated thereat of the terms of this Consent Decree and the fact that it shall be binding upon said successors and assigns.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

16. Except for the obligations set forth in this Consent Decree and the Unresolved Issues, the Parties, on behalf of themselves, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the current physical condition and/or accessibility of the Property whether or not addressed in the instant action.

17. Each of the Parties understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the current condition and/or



PDF created with pdfFactory trial version www.pdffactory.com

accessibility of the Property, which are unknown or unanticipated at the time this Consent Decree is entered. Therefore, except for all obligations required in this Consent Decree, and the Unresolved Issues, it is the intent of the Parties that the release set forth in of this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the Parties with respect to the current physical condition of the Property and any or all improvements thereon, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**TERM OF THE CONSENT DECREE AND ORDER:**

18. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

19. If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

20. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be



PDF created with pdfFactory trial version www.pdffactory.com

signed in counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

Respectfully Submitted,

Dated: June __, 2011

By:/s/______________________________
RUTHEE GOLDKORN, Plaintiff

Dated: June __, 2011

By:/s/______________________________
ROOSEVELT JOHNSON, Plaintiff

Dated: June __, 2011

PD HOTEL ASSOCIATES, LLC
dba THE RADISSON HOTEL SACRAMENTO

By:/s/______________________________
Name/Signature, Defendant
Title:

Dated: June __, 2011

DOW PRE II, LLC

By:/s/______________________________
Name/Signature, Defendant
Title:



PDF created with pdfFactory trial version www.pdffactory.com

APPROVED AS TO FORM:

Dated: June 14, 2011

LAW OFFICES OF ANTHONY E. GOLDSMITH

By: /s/. Anthony E. Goldsmith
ANTHONY E. GOLDSMITH
Counsel for Plaintiff
RUTHEE GOLDKORN

Dated: June __, 2011

LAW OFFICES OF PAUL L. REIN

By:/s/____________________________
PAUL L. REIN
Counsel for Plaintiff
ROOSEVELT JOHNSON

Dated: June __, 2011

VITALE & LOWE

By:/s/____________________________
R. LAWRENCE BRAGG
Counsel for Defendants
PD HOTEL ASSOCIATES, LLC dba THE RADISSON HOTEL SACRAMENTO, and DOW PRE II, LLC

**IT IS SO ORDERED.**

Dated: July 5, 2011

/s/ John A. Mendez
Honorable John A. Mendez
United States District Court Judge

F:\CASES\Goldkorn\Radisson\Consent Decree\Consent Decree - 061511.doc



PDF created with pdfFactory trial version www.pdffactory.com